UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| SARA CONNER | DOCKET NUMBER: |
| VERSUS | JUDGE: |
| TANIA NANNA, UNITED STATES DEPARTMENT OF AGRICULTURE, AND SECRETARY TOM VILSACK | MAGISTRATE: |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## PETITION FOR DAMAGES

NOW INTO COURT, comes SARAH CONNER through undersigned counsel who respectfully represents the following:

### INTRODUCTION

1.

This is a civil action seeking damages brought pursuant to the Federal Torts Claims Act Federal Torts Claims Act, 28 U.S.C. s 1346(b), s 2671 et seq., and under the laws of the State of Louisiana, specifically Louisiana Civil Code Article 2315, against the named defendants.

2.

The Court has original, supplemental and concurrent jurisdiction to adjudicate the claims asserted in this action and those brought under the laws of the State of Louisiana pursuant to 28 U.S.C.§§  1331 and 1367.

3.

Plaintiff originally filed a lawsuit against Tania Nanna in the 15th Judicial District Court, Parish of Lafayette, State of Louisiana, on October 18, 2013, within one year from the date of the subject accident.  Tania Nanna, the United States Department of Agriculture and the United States

of America, appeared and entered into a binding stipulation by and through the U.S. Attorney General's office that, "Tania N. Nanna, the defendant, was involved in an automobile accident on October 24, 2012, when Ms. Nanna was operating a 2009 Dodge Charger while acting as an agent in the course and scope of her employment with the United States of America and USDA during all relevant times to the accident, including the time of the collision, and that no assertion to the contrary will be asserted in the future."  This stipulation was entered as Judgement of the court on February 19, 2014, and the state court claims were dismissed without prejudice. (Exhibit 1, Joint Motion and Judgment)

4.

Plaintiff timely filed her claim on the Standard Form 95 with the USDA.  Plaintiff received on May 4, 2015, a letter denial from the United States Department of Agriculture dated April 30, 2015, giving Plaintiff the right to file suit in the appropriate United States District Court within six months of the date of the mailing of the letter.  (Exhibit 2, April 30, 2015, USDA letter denial).

**PARTIES**

5.

Petitioner, SARA CONNER is an individual over the age of majority and a citizen and resident of the State of Louisiana.

6.

Defendant, TANIA NANNA is named as a defendant.  She is an individual over the age of majority, who resided in the State of Louisiana, and who is being named individually, and in her capacity as an employee of the United States Department of Agriculture.

7.

Defendant UNITED STATES DEPARTMENT OF AGRICULTURE, (hereafter "USDA") is a governmental entity and department organized and existing under the laws of United States of America.  Suit against this entity for claims asserted in this action are proper pursuant the Federal Torts Claims Act  Federal Torts Claims Act, 28 U.S.C. s 1346(b), s 2671 et seq., which grants an exception to sovereign immunity to suit.

8.

Defendant SECRETARY TOM VILSACK is an individual over the age of majority and named as a defendant in his official capacity as the Secretary of the Department of Agriculture.

**FACTS**

9.

The subject claims arise from a motor vehicle collision which occurred on October 24, 2012. Defendant driver Nanna was driving a 2009 Dodge Charger which was self-insured through the United States of America government through the USDA.

10.

Defendant Nanna violated the law by traveling through the controlling stop sign on Washington Street and collided into Ms. Conner and her vehicle on Simcoe Street, Lafayette, Louisiana. Ms. Nanna was negligent in causing the collision which resulted in injuries to Ms. Conner.

11.

The cause of the above described collision, and the basis of the claims asserted herein, are the following:

    a.    Defendant Nanna's illegal and reckless operation of his vehicle in causing the collision;

    b.    Defendant Nanna's violation of Louisiana State Law and traffic ordinances.

12.

At the time of the collision, Ms. Nanna was acting in the course and scope of her employment with the USDA.

13.

Defendant USDA and Secretary Vilsack are vicariously responsible for the acts of negligence of its employee Nanna under the doctrine of respondeat superior.

## **DAMAGES**

14.

As a proximate result of the acts and omissions of all of the defendant, Ms. Conner suffered injuries including physical injuries and mental anguish in connection with the motor vehicle collision. These damages include:

    (A)    Past and future pain and suffering;

    (B)    Past and future mental anguish;

    (C)    Past and future loss of life's enjoyment;

    (D)    Past lost wages;

    (E)    Past and future medical expenses

WHEREFORE, Plaintiff prays and requests that a trial be had, and a judgment entered that awards such compensatory and nominal damages as will fully compensate Plaintiff for her damages suffered and any other actual injury that was occasioned as a result of Defendant's negligence.

Respectfully submitted:
**THE GLENN ARMENTOR LAW CORPORATION**


*/s/ J. Christian Lewis, #21987*
**J. CHRISTIAN LEWIS**, Bar No. 21987 (TA)
**GLENN J. ARMENTOR**, Bar No. 2541
300 Stewart Street
Lafayette, Louisiana 70501
Tel. (337) 233-1471 Fax (337) 233-5655
E-mail: clewis@glennarmentor.com
Attorneys for Plaintiff