UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| SARA L. CONNER ) | CIVIL ACTION NO. 15-1649 |
| ) | |
| VERSUS ) | JUDGE HAIK |
| ) | |
| TANIA NANNA, THE UNITED ) | MAGISTRATE JUDGE HILL |
| STATES DEPARTMENT OF ) | |
| AGRICULTURE, AND SECRETARY ) | |
| TOM VILSACK | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS IMPROPER PARTY DEFENDANTS
AND SUBSTITUTE PROPER PARTY DEFENDANT**

## I. Introduction

This is an action filed by Plaintiff on May 7, 2015 against Tania Nanna, the United States Department of Agriculture and Secretary Tom Vilsack, alleging a cause of action under the Federal Tort Claims Act for injuries allegedly arising out of an automobile accident.

The above described action is a civil action which involves the interests of the United States. The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2401(b), 2671-2680, is a limited waiver of sovereign immunity and the exclusive remedy for negligent or wrongful acts or omissions of federal employees. The FTCA is thus the basis for tort claims against government employees, whether they are members of the uniformed services or civil service employees.

Plaintiff alleges she sustained injuries as a result of an automobile accident involving a government vehicle driven by Tania Nanna. Tania Nanna was a federal employee at the time of the automobile accident in the course and scope of her employment. (Doc. 1, ¶ 3). She was acting within the scope of employment, and the matter comes within the ambit of the Act. When a federal employee acting within the scope of her employment is sued for alleged negligent or

wrongful acts or omissions, the provisions of 28 U.S.C. § 2679 require that the United States be substituted in place of the federal employee as the proper defendant. Accordingly, the United States should be substituted for Tania Nanna, the United States Department of Agriculture and Secretary Tom Vilsack. They should be dismissed from this action as to any and all claims of negligent or wrongful acts or omissions.

## II. Argument

### A. Tania Nanna is Not a Proper Party Defendant.

Plaintiff has alleged that Tania Nanna was acting within the course and scope of her employment with the United States Department of Agriculture. (Doc. 1, ¶ 3). If an individual defendant is found to have been acting within the course and scope of his employment, the United States is automatically substituted for the defendant, who is then dismissed from the action pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988 (commonly known as the "Westfall" Act). *See* 28 U.S.C. § 2679(b); *Rodriguez v. Sarabyn, et al*, 129 F.3d 760, 764 (5th Cir. 1997).

As the Supreme Court observed in *Westfall v. Erwin*, 484 U.S. 292, 300, 108 S.Ct. 580, 98 L.Ed. 2d 619 (1988), "Congress is in the best position to provide guidance for the complex and often highly empirical inquiry into whether absolute immunity is warranted in a particular context". In *Westfall*, the Supreme Court applied the immunity of the FTCA only to acts committed by federal employees within the course and scope of their employment that required the exercise of government discretion. *Id*. at 299. After *Westfall*, Congress passed the Westfall Act to immunize all acts done within the scope of a federal employee's employment, without any additional requirements.

There is no dispute in this matter that Tania Nanna was acting within the course and scope of employment with the Department of Agriculture at the time of the accident relevant to the Petition for Damages in this case. Therefore, Tania Nanna must be dismissed, and the United States, should be substituted in place of the individual federal defendant.

> **B.  The United States Department of Agriculture and Secretary Tom Vilsack are not Proper Defendants.**

It is axiomatic that the sovereign cannot be sued without its consent to be sued, *United States v. Sherwood*, 312 U.S. 584 (1941), and the terms of that consent defined the federal court's jurisdiction to entertain such suit. *United States v. Testan*, 424 U.S. 392 (1976). The Federal Tort Claims Act ("FTCA") is the exclusive waiver of sovereign immunity for actions sounding in tort against the United States, its agencies and/or officers acting within their official capacity. *J. D. Pflaumer v. United States Department of Justice*, 450 F.Supp. 1122, 1125, n. 11(e.d. PA. 1978).

The FTCA provides that the United States is the only proper defendant in suit brought pursuant to the act. 28 U.S.C. § 1346(b) and § 2679(a); *Allen v. Veterans Administration*, 749 F.2d 1386, 1388 (9th Cir. 1984); *Carr v. Veterans Administration*, 522 F.2d 1355 (5th Cir. 1975). Individual federal agencies of the United States may not be sued in their own names. Thus, the United States is the only appropriate defendant in this case, and this court lacks subject matter jurisdiction over any claims asserted against Tania Nanna, the United States Department of Agriculture and Secretary Tom Vilsack. The United States of America should be substituted in place of these defendants.

### III.     <u>Conclusion</u>

For the foregoing reasons, Tania Nanna, the United States Department of Agriculture and Secretary Tom Vilsack, should be dismissed as defendants.  Furthermore, the United States should be substituted in this matter as the only proper party defendant.

    Respectfully submitted,

    STEPHANIE A. FINLEY
    United States Attorney

BY:    *s/Jennifer B. Frederick*
    JENNIFER B. FREDERICK (#23633)
    Assistant United States Attorney
    800 Lafayette Street, Suite 2200
    Lafayette, Louisiana 70501
    Telephone:   (337) 262-6618
    Facsimile:   (337) 262-6693